UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAWN E. MacLEAN-PATTERSON ) <br>     Individually and as Co-Administratrix ) <br>     of the Estate of Richard D. MacLean II, ) <br>     Deceased ) <br> c/o Zagrans Law Firm LLC ) <br> 5077 Waterford Drive, Suite 302 ) <br> Elyria, Ohio 44035, ) <br> ) <br>     and ) <br> ) <br> RICHARD D. MacLEAN ) <br>     Individually and as Co-Administrator ) <br>     of the Estate of Richard D. MacLean II, ) <br>     Deceased ) <br> c/o The Robenalt Law Firm, Inc. ) <br> 23550 Center Ridge Road, Suite 103 ) <br> Westlake, Ohio 44145, ) <br> ) <br>               Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> ERIE COUNTY, OHIO and ERIE COUNTY ) <br> BOARD OF COMMISSIONERS ) <br> 2900 Columbus Avenue ) <br> Sandusky, Ohio 44870, ) <br> ) <br>     and ) <br> ) <br> PAUL A. SIGSWORTH ) <br>     Individually and in his Official Capacity ) <br>     as Sheriff of Erie County, Ohio ) <br> 2800 Columbus Avenue ) <br> Sandusky, Ohio 44870, ) <br> ) <br>     and ) <br> ) <br> JARED L. OLIVER ) <br>     Individually and in his Official Capacity ) <br>     as Erie County Chief Deputy Sheriff ) <br> 2800 Columbus Avenue ) <br> Sandusky, Ohio 44870, ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT FOR MONEY** <br> **DAMAGES** <br><br><br> (<u>Jury Demand Endorsed Hereon</u>) |

|                                                         | )  |
| ------------------------------------------------------- | -- |
| and                                                     | )  |
|                                                         | )  |
| LT. THOMAS CASEY PROY                                   | )  |
|     Individually and in his Official Capacity | )  |
|     as Erie County Jail Administrator | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |
|                                                         | )  |
| and                                                     | )  |
|                                                         | )  |
| DENNIS WOLFE                                            | )  |
|     Individually and in his Official Capacity | )  |
|     as an employee of the Erie County Jail | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |
|                                                         | )  |
| and                                                     | )  |
|                                                         | )  |
| ERIC REIBER                                             | )  |
|     Individually and in his Official Capacity | )  |
|     as an employee of the Erie County Jail | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |
|                                                         | )  |
| and                                                     | )  |
|                                                         | )  |
| CHRISTOPHER LAWSON                                      | )  |
|     Individually and in his Official Capacity | )  |
|     as an employee of the Erie County Jail | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |
|                                                         | )  |
| and                                                     | )  |
|                                                         | )  |
| JOHN T. NOLDER                                          | )  |
|     Individually and in his Official Capacity | )  |
|     as an employee of the Erie County Jail | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |
|                                                         | )  |
| and                                                     | )  |
|                                                         | )  |
| BRITTANY HAUSMAN                                        | )  |
|     Individually and in her Official Capacity | )  |
|     as an employee of the Erie County Jail | )  |
| 2800 Columbus Avenue                                    | )  |
| Sandusky, Ohio 44870,                                   | )  |

|                                              | ) |
| :------------------------------------------- | :- |
| and                                          | ) |
|                                              | ) |
| JOHN DOES I-V                                | ) |
|     Individually and in their Official Capacity | ) |
|     as employees of the Erie County Jail | ) |
| 2800 Columbus Avenue                         | ) |
| Sandusky, Ohio 44870,                        | ) |
|                                              | ) |
| and                                          | ) |
|                                              | ) |
| FIRELANDS REGIONAL HEALTH SYSTEM             | ) |
| FIRELANDS REGIONAL MEDICAL CENTER            | ) |
| 1111 Hayes Avenue                            | ) |
| Sandusky, Ohio 44870,                        | ) |
|                                              | ) |
| and                                          | ) |
|                                              | ) |
| KATHARINA A. BOYER                           | ) |
|     Individually and as an employee and/or | ) |
|     agent of Firelands Regional Medical | ) |
|     Center                | ) |
| 1111 Hayes Avenue                            | ) |
| Sandusky, Ohio 44870,                        | ) |
|                                              | ) |
| and                                          | ) |
|                                              | ) |
| JOHN DOES VI-X                               | ) |
|     Individually and as employees and/or | ) |
|     agents of Firelands Regional Medical | ) |
|     Center                | ) |
| 1111 Hayes Avenue                            | ) |
| Sandusky, Ohio 44870,                        | ) |
|                                              | ) |
|                       Defendants. | ) |

## **INTRODUCTION**

1. Plaintiffs bring this civil rights action to challenge the failure of Erie County Jail ("ECJ") officers to provide adequate medical care to, and to ensure the security and well-being of, Richard David MacLean II ("MacLean"), a young man held under the custody, care and protection of the ECJ who committed suicide at the ECJ on January 2, 2017 and who was declared dead at the Firelands Regional Medical Center on January 4, 2017. MacLean had a serious drug addiction that

3

adversely affected his mental stability, judgment and emotional health. He expressed suicidal ideations and intentions to other inmates, who brought the matter to the attention of ECJ officers, shortly after MacLean's intake on December 29, 2016. Therefore, the Erie County Defendants were on notice of MacLean's serious mental illness and emotional instability and knew he was at risk of committing suicide. MacLean's eventual suicide was both foreseeable and preventable. The Erie County Defendants' refusal to provide proper, adequate and effective mental health care and treatment proximately led to MacLean's conscious pain and suffering before his death and to his eventual demise by suicide. The Erie County Defendants' refusal to provide routine security inspections of MacLean, who they knew was at risk of committing suicide, and their failure to conduct proper and timely cell and pod checks, proximately caused or contributed to MacLean's suicide. The Erie County Defendants provided MacLean with both the means and the opportunity to commit suicide. The Firelands Defendants, acting in joint concert and participation with the Erie County Defendants while MacLean was incarcerated and under the care, custody and control of the Erie County Defendants, failed to provide adequate medical and mental health care and treatment to MacLean under circumstances where they knew or reasonably should have known that he had expressed suicidal intention to several other inmates and was at risk of committing suicide. MacLean's parents, who are co-administrators of his Estate, bring this civil rights, wrongful death and medical malpractice action to secure fair compensation and to encourage these and similar Defendants to provide adequate medical care and to better protect the safety and security of the inmates in their custody.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, pursuant to the provisions of 28 U.S.C. §§ 1331, 1343(3) and 1343(4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Ohio, Western Division, pursuant to 28

U.S.C. § 1391(b)(1), because all defendants reside within this judicial district and division, and pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in Sandusky, Erie County, Ohio, within this judicial district and division.

## PARTIES

4. Plaintiff, Dawn E. MacLean-Patterson, is a citizen of the State of Ohio and is MacLean's mother and next-of-kin. She was appointed co-Administratrix of MacLean's Estate by an Entry Appointing Fiduciary and Letters of Authority issued by the Probate Court of Erie County, Ohio, on December 14, 2018. Plaintiff brings this action in both her individual and representative capacities.

5. Plaintiff, Richard D. MacLean, is a citizen of the State of Ohio and is MacLean's father and next-of-kin. He was appointed co-Administrator of MacLean's intestate Estate by an Entry Appointing Fiduciary and Letters of Authority issued by the Probate Court of Erie County, Ohio, on December 14, 2018. Plaintiff brings this action in both his individual and representative capacities.

6. Plaintiffs and MacLean's sister are all of the surviving family members and next of kin of the deceased MacLean who are entitled under Ohio law to bring and maintain an action for MacLean's wrongful death. Plaintiffs bring this civil rights and wrongful death action as and for their exclusive benefit as the next of kin of the deceased. Plaintiffs are the duly-appointed co-Administrators and Personal Representatives of MacLean's Estate who are the legal representatives entitled to bring this action.

7. Prior to his death, MacLean was at all relevant times a resident of the State of Ohio entitled to protection by the laws of the State of Ohio and by the laws of the United States. MacLean was at all relevant times a prisoner in the Erie County Jail under the custody, control and care of Defendants pursuant to R.C. 341.01 *et seq*.

8. Defendant, Erie County, Ohio (the "County"), is a unit of local government organized

under the laws of the State of Ohio. The County is sued through the Erie County Board of Commissioners who are named only in their official capacities pursuant to R.C. 305.12. The County is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law.

9. Defendant, Paul A. Sigsworth ("Sigsworth"), is and was at all relevant times the duly-elected Sheriff of Erie County, Ohio. Sigsworth is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity. At all relevant times, he was a county policymaker with respect to customs, practices, policies and procedures at the Erie County Jail.

10. Defendant, Jared L. Oliver ("Oliver"), is and was at all relevant times the Chief Deputy Sheriff of Erie County, Ohio. Oliver is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity. At all relevant times, he was a county policymaker with respect to customs, practices, policies and procedures at the Erie County Jail.

11. Defendant, Lt. Thomas Casey Proy ("Proy"), is and was at all relevant times the Administrator of the Erie County Jail. Proy is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity. At all relevant times, he was a county policymaker with respect to customs, practices, policies and procedures at the Erie County Jail.

12. Defendant, Dennis Wolfe ("Wolfe"), is a person who at all relevant times served as an employee of Erie County assigned to the Erie County Jail as a Corrections Officer. Wolfe is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity.

13. Defendant, Eric Reiber ("Reiber"), is a person who at all relevant times served as an employee of Erie County assigned to the Erie County Jail as a Corrections Officer. Reiber is a

"person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity.

14. Defendant, Christopher Lawson ("Lawson"), is a person who at all relevant times served as an employee of Erie County assigned to the Erie County Jail as a Corrections Officer. Lawson is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity.

15. Defendant, John T. Nolder ("Nolder"), is a person who at all relevant times served as an employee of Erie County assigned to the Erie County Jail as a Corrections Officer. Nolder is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He is sued in his individual capacity and in his official capacity.

16. Defendant, Brittany Hausman ("Hausman"), is a person who at all relevant times served as an employee of Erie County assigned to the Erie County Jail as a supervisor and Officer in Charge of at least some of the other corrections officers. Hausman is a "person" under 42 U.S.C. 1983 and at all relevant times acted under color of law. She is sued in her individual capacity and in her official capacity.

17. Defendants, John Does I-V ("Does I-V"), are persons whose identities are presently unknown to Plaintiffs who, on information and belief, at all relevant times served as employees of Erie County assigned to the Erie County Jail as Corrections Officers or in various other capacities. Does I-V are "persons" under 42 U.S.C. 1983 and at all relevant times acted under color of law. He, she or they are sued in his, her or their individual capacities and official capacities.

18. Defendant, Firelands Regional Health System, is a private company which at all relevant times owned, operated, managed and/or did business as Firelands Regional Medical Center, located in Sandusky, Erie County, Ohio (collectively referred to herein as "Firelands"). At all relevant times, Firelands acted in joint concert and participation with, and as an agent, servant, contractor

7

and/or representative of, the County and/or the Erie County Jail and/or other Erie County Defendants sued in this action, and was acting within the course and scope of its contracted scope of work or services. Firelands is therefore a "state actor" and a "person" under 42 U.S.C. 1983 that acted at all relevant times under color of law. Firelands is sued herein in its individual capacity.

19. Defendant, Katharina A. Boyer ("Boyer"), is a person who, on information and belief, served at all relevant times as an employee, agent, servant, contractor and/or representative of Firelands who was acting within the course and scope of her employment and/or contracted scope of work or services both with Firelands and with the County and/or Erie County Jail. Boyer is therefore a "state actor" and a "person" under 42 U.S.C. 1983 who acted at all relevant times under color of law. Boyer is sued herein in her individual capacity.

20. On or about December 31, 2016, Boyer was manning the suicide hot line for the Counseling and Recovery Services department of Firelands when she was called by representatives of the County and/or Erie County Jail and informed that MacLean was or may be suicidal. In response to the telephone call, Boyer also spoke with MacLean for less than five (5) minutes. As a result, Boyer was responsible for (i) providing proper and adequate psychological and mental health care, therapy, counseling and services in accordance with applicable standards of care, and (ii) knowledge of the particular and specialized care, treatment and precautions that MacLean required and that should have been provided to MacLean to protect him and to safeguard him from danger and from doing harm to himself.

21. Defendants, John Does VI-X ("Does VI-X"), are persons whose identities are presently unknown to Plaintiffs who, on information and belief, served at all relevant times as employees, agents, servants, contractors and/or representatives of Firelands who were acting within the course and scope of their respective employment and/or contracted scope of work or services both with Firelands and with the County and/or Erie County Jail. Does VI-X are therefore "state actors" and "persons"

under 42 U.S.C. 1983 and at all relevant times acted under color of law. He, she or they are sued in his, her or their individual capacities.

22. On or after December 31, 2016, Does VI-X, or some of them, became aware of the situation involving MacLean at the Erie County Jail and the expressed concern that he was had suicidal thoughts and ideation. Does VI-X, or some of them, knew or reasonably should have known that the brief and superficial telephone conversation between Roe and MacLean was inadequate to assess his emotional state and to provide adequate care, treatment, psychological therapy or attention under the circumstances. Therefore, Does VI-X, or some of them, were responsible for (i) providing proper and adequate psychological and mental health care, therapy, counseling and services in accordance with applicable standards of care, and (ii) knowledge of the particular and specialized care, treatment and precautions that MacLean required and that should have been provided to MacLean to protect him and to safeguard him from danger and from doing harm to himself.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

23. On or about December 29, 2016, MacLean was arrested for breaking and entering and confined in the Erie County Jail. At all relevant times, he was housed in the E Control section of the Erie County Jail in one of two medium-security cell blocks or "pods" – G Pod or H Pod. Defendants knew or reasonably should have known as the result of intake information when he was first incarcerated that MacLean was a long-time drug abuser and was a drug addict.

24. MacLean was originally incarcerated in G Pod. On or about December 31, 2016, at shortly before 6:00 p.m., three other inmates in G Pod informed Nolder that MacLean had been making comments about killing himself and had even stated how he intended to do so. Nolder confronted MacLean and brought him to the Jail Administrative Office. At the time, Hausman was the Officer in Charge of supervising the corrections officers in G Pod and, on information and belief, in the E Control section of the Jail. Nolder and Hausman conferred about how to deal with the situation. They agreed

9

that all that should be done was for MacLean to speak with someone on the suicide hotline at Firelands.

25. Nolder called the Firelands suicide hotline and spoke with Boyer. Boyer then spoke with MacLean who acknowledged he felt depressed although he apparently denied being suicidal. After speaking with MacLean, Boyer again spoke with Nolder. The entire conversation lasted five (5) minutes, so Boyer spoke with MacLean for less than five (5) minutes.

26. Boyer recommended that MacLean could speak with jail staff members about jail adjustment classes if he wished, but did not suggest or order any additional evaluation, counseling, care or treatment. Even though she knew that MacLean had acknowledged he was suffering from depression, and she knew or reasonably should have known that depression is a risk factor for suicide, especially among inmates, Boyer did not refer MacLean to any follow-up evaluation or counseling and did not inform anyone else at Firelands Counseling and Recovery Services department about the situation in order to initiate subsequent telephonic or in-person follow-up with MacLean. Nolder merely returned MacLean to his cell in G Pod.

27. Neither Nolder nor Hausman sought or provided any additional assistance, evaluation, care or treatment to MacLean after he was returned to his cell in G Pod, even though both knew or reasonably should have known that depression is a risk factor for suicide, especially among inmates who are incarcerated.

28. The risk of self-harm to MacLean was, or should have been, obvious to Boyer, Nolder, Hausman, Does I-V and Does VI-X.

29. On December 31, 2016, Nolder, Hausman and Does I-V acted pursuant to the custom and practice at the Erie County Jail of not properly evaluating and providing care and treatment for inmates who are at increased risk of self-harm and suicide.

30. The customs, practices and policies of the Erie County Defendants not to provide proper and adequate psychological evaluation and care, treatment and counseling for inmates at

increased risk of suicide were driving forces behind the constitutional deprivations suffered by MacLean at the Erie County Jail on January 2, 2017. These deprivations included the Erie County Defendants' denial of adequate evaluation, care, treatment and counseling, ignoring MacLean's serious medical needs, causing him to suffer conscious pain and suffering, and directly and proximately causing or contributing to his attempted suicide on January 2, 2017, which led to his death two days later on January 4, 2017.

31. At all times relevant to this case, the County, Sigsworth, Oliver and Proy did have, or should have had, knowledge of the common practices of corrections officers like Nolder, Hausman and Does I-V of failing properly and adequately to evaluate, treat, and care for inmates who have serious medical needs and are at heightened risk of suicide, and otherwise violating minimum safety standards, but failed to adequately train and supervise the jail staff in the proper evaluation, care and treatment of inmates who are at increased risk of suicide. That failure to train and supervise staff was deliberately indifferent to the health, safety, well-being and life of inmates such as MacLean.

32. The conduct of the Erie County Defendants shocks the conscience and violates the evolving standards of decency expected in a civilized society.

33. The County, Sigsworth, Oliver and Proy ratified the unconstitutional conduct of Nolder, Hausman and Does I-V by failing to adequately train and supervise them. In ratifying their conduct, the County, Sigsworth, Oliver and Proy acted consistently with their official policies, practices and customs.

34. On December 31, 2016, Boyer and Does VI-X acted pursuant to the custom and practice at the Erie County Jail and/or Firelands of not properly evaluating and providing care and treatment for inmates who are at increased risk of self-harm and suicide.

35. The customs, practices and policies of the Erie County Defendants and/or Firelands not to provide proper and adequate psychological evaluation and care, treatment and counseling for

11

inmates at increased risk of suicide were driving forces behind the constitutional deprivations suffered by MacLean at the Erie County Jail on January 2, 2017. These deprivations included the Erie County Defendants' and/or the Firelands Defendants' denial of adequate evaluation, care, treatment and counseling and ignoring MacLean's serious medical needs on and after December 31, 2016, causing him subsequently to suffer conscious physical and emotional pain and suffering, and directly and proximately causing or contributing to his attempted suicide on January 2, 2017, which led to his death two days later on January 4, 2017.

36. At all times relevant to this case, the County, Sigsworth, Oliver and Proy and/or Firelands did have, or should have had, knowledge of the common practices of hospital employees like Boyer and Does VI-X of failing properly and adequately to evaluate, treat, and care for inmates who have serious medical needs and are at heightened risk of suicide, and otherwise violating minimum safety standards, but failed to adequately train and supervise the jail staff and/or Firelands' staff in the proper evaluation, care and treatment of inmates who are at increased risk of suicide. That failure to train and supervise staff was deliberately indifferent to the health, safety, well-being and life of inmates such as MacLean.

37. The conduct of Firelands, Boyer and/or Does VI-X shocks the conscience and violates the evolving standards of decency expected in a civilized society.

38. The County, Sigsworth, Oliver and Proy and/or Firelands ratified the unconstitutional conduct of Boyer and Does VI-X by failing to adequately train and supervise them. In ratifying their conduct, the County, Sigsworth, Oliver and Proy and/or Firelands acted consistently with their official policies, practices and customs.

39. At some point between December 31, 2016 and January 2, 2017 that is presently unknown to Plaintiffs, MacLean was moved from G Pod to H Pod within the E Control section of the Jail and placed in Cell No. 272.

40. On the morning of January 2, 2017, Lawson was the shift supervisor for the Jail and Reiber and Wolfe were the corrections officers responsible for H Pod within the E Control section of the Jail. At approximately 10:30 a.m., Wolfe discovered MacLean hanging by the neck from a bed sheet wrapped around an air vent in Cell No. 272. Wolfe radioed for help, entered Cell No. 272, and with others released the bed sheet and lowered MacLean to the floor. MacLean was still alive and was eventually transported to the hospital.

41. On information and belief, MacLean was hanging by his neck for more than thirty (30) minutes before he was discovered and let down. Neither Wolfe nor Reiber performed a security check during that period of time that would have stopped the effects of hanging by his neck sooner and could have saved his life if he had been discovered sooner. By not performing any security checks on MacLean for more than thirty (30) minutes, Wolfe and Reiber allowed MacLean a sufficient amount of time and the opportunity to fashion a noose from his bedsheet, tie it around the air vent in his cell, and carry out his plan to commit suicide by hanging.

42. MacLean lived for 2-1/2 days after his attempted suicide until he died from the effects of hanging by the neck for so long, including without limitation a massive cerebral edema, at approximately 7:41 p.m. on January 4, 2017, at Firelands.

43. Nolder, Hausman, Wolfe, Reiber, Lawson and Does I-V, as well as Boyer and Does VI-X, are supposed to be trained to recognize the suicide risks at the Erie County Jail. All Defendants knew that suicide is a known increased risk to inmates at the jail with serious medical needs such as depression and drug addiction. Defendants also knew that failure to conduct regular and frequent safety checks increased the risk of suicide to an inmate who suffers from depression and addiction. Defendants knew or reasonably should have known that MacLean had these serious medical needs and experienced all of these suicide risks.

44. On January 2, 2017, Lawson, Wolfe and Reiber failed and refused to observe MacLean

in his cell for more than thirty (30) minutes between security checks during which time MacLean had more than enough time and opportunity to prepare for his suicide.

45. On January 2, 2017, Lawson, Wolfe and Reiber acted pursuant to the custom and practice at the Erie County Jail of not performing timely cell checks on inmates in the E Control section of the Jail.

46. The customs, practices and policies of the Erie County Defendants not to perform timely cell safety checks were the moving force behind the constitutional deprivations suffered by MacLean at the Erie County Jail on January 2, 2017. These deprivations included the Erie County Defendants' denial of adequate care and observation of MacLean in his cell, ignoring his serious medical needs, causing him to suffer conscious pain and suffering, and directly and proximately causing his attempted suicide on January 2, 2017, which led to his death two days later on January 4, 2017.

47. At all times relevant to this case, the County, Sigsworth, Oliver and Proy did have, or should have had, knowledge of the common practices of corrections officers like Lawson, Wolfe and Reiber of failing to conduct timely security checks and otherwise violating minimum safety standards, but failed to adequately train and supervise the jail staff in the proper evaluation and observation of inmates who are at increased risk of suicide. That failure to train and supervise staff was deliberately indifferent to the health, safety, well-being and life of inmates such as MacLean.

48. The conduct of the Erie County Defendants shocks the conscience and violates the evolving standards of decency expected in a civilized society.

49. The County, Sigsworth, Oliver and Proy ratified the unconstitutional conduct of Lawson, Wolfe and Reiber by failing to adequately train and supervise them. In ratifying their conduct, the County, Sigsworth, Oliver and Proy acted consistently with their official policies, practices and customs.

50. Plaintiff's decedent was survived by his mother, Plaintiff Dawn E. MacLean-Patterson, his father, Richard D. MacLean, and one sister, all of whom are beneficiaries of this action. MacLean was born on July 28, 1989, was 27 years old at the time of his death, and had a life expectancy in excess of an additional 50 years.

51. As a further direct and proximate result of the actions of Defendants, and each of them, jointly and severally, MacLean suffered conscious mental anguish, emotional distress, and pain and suffering prior to his death.

52. As a further direct and proximate result of the actions of Defendants, and each of them, jointly and severally, and as a further direct and proximate result of MacLean's wrongful death, his survivors, heirs and/or next of kin have suffered permanent damages, including without limitation the loss of his support, services and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education, as well as the loss of prospective inheritance.

53. As a further direct and proximate result of the actions of Defendants, and each of them, jointly and severally, and as a further direct and proximate result of MacLean's wrongful death, his survivors, heirs and/or next of kin have suffered permanent damages, including without limitation mental anguish, grief, depression and severe emotional distress. They have incurred reasonable funeral and burial costs, medical expenses and treatment, and will incur additional medical expenses and treatment in the future.

**FIRST CLAIM FOR RELIEF**
(Deprivation of Constitutional Rights – 42 U.S.C. § 1983)

54. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs One (1) through Fifty-three (53), inclusive, above as if the same were fully rewritten herein.

55. Defendant have, under color of state law, deprived MacLean of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the Constitution of the United States

including, without limitation, the right to due process, the right to be protected from harm to life, health or well-being, the right to treatment for serious medical need, and the right to be free from deprivations of liberty that shock the conscience.

56. The County, Sigsworth, Oliver and Proy failed to properly and adequately train and supervise the corrections officers and staff of the Erie County Jail in adequately evaluating, observing, checking on and caring for inmates who have serious medical needs and are at increased risk of suicide or other forms of self-harm.

57. Firelands failed to properly and adequately train and supervise its staff who were expected to deal with situations involving inmates of the Erie County Jail in adequately evaluating and caring for inmates who have serious medical needs and are at increased risk of suicide or other forms of self-harm.

58. The rules, regulations, customs, policies, practices and procedures of the Erie County Defendants and of Firelands regarding the evaluation and treatment of inmates suffering from drug addiction and/or depression who are at increased risk of suicide, and the rules, regulations, customs, policies, practices and procedures of the Erie County Defendants regarding the security checks on inmates in their cells who have serious medical needs, who are depressed, and who are at increased risk of suicide, were inadequate, unreasonable and deliberately indifferent to the health, life, safety and well-being of inmates like MacLean, and were the moving forces behind the constitutional deprivations suffered by MacLean.

59. The County, Sigsworth, Oliver and Proy were on notice of the obvious need to train and supervise the Jail staff in the area of policies and procedures relating to the proper evaluation and treatment of potential suicides and relating to jail cell checks, but failed to adequately train or supervise the Jail staff and, in so failing, were deliberately indifferent to inmates such as MacLean.

60. Defendants, and each of them, acted knowingly, intentionally negligently, recklessly,

wantonly, unreasonably and/or with deliberate indifference to the serious medical needs of MacLean.

## SECOND CLAIM FOR RELIEF
(Wrongful Death)

61. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs One (1) through Sixty (60), inclusive, above as if the same were fully rewritten herein.

62. The actions of Defendants, and each of them, caused the wrongful death of MacLean resulting in damages recoverable under R.C. 2125.02.

63. MacLean is survived by his mother, Dawn E. MacLean-Patterson, his father, Richard D. MacLean, and his sister, all of whom are persons entitled to damages, including mental anguish, and on whose behalf this action is brought pursuant to R.C. 2125.02.

## THIRD CLAIM FOR RELIEF
(Survivorship Claim for Conscious Pain and Suffering)

64. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs One (1) through Sixty-three (63), inclusive, above as if the same were fully rewritten herein.

65. As a direct and proximate result of the wrongful actions and omissions of Defendants, and each of them, MacLean suffered severe mental anguish and conscious pain and suffering from the depression and suicidal thoughts and ideation he experienced at least from December 31, 2016 through his suicide attempt on January 2, 2017.

66. As a direct and proximate result of the wrongful actions and omissions of Defendants, and each of them, MacLean suffered severe mental anguish and conscious pain and suffering from being aware that he was suffocating and unable to breathe, and from the complications of his attempted suicide, from the time he attempted to commit suicide on January 2, 2017 until he lost consciousness for the final time prior to his death on January 4, 2017.

67. MacLean lived for a period of time as he was suffering severe mental anguish and conscious pain and suffering from being unable to breathe and the other complications of his attempted

suicide until he lost consciousness.

## FOURTH CLAIM FOR RELIEF
(Negligence by Jail Staff)

68. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs One (1) through Sixty-seven (67), inclusive, above as if the same were fully rewritten herein.

69. While acting within the course and scope of their employment by the County, Nolder, Hausman, Wolfe, Reiber and Lawson, and each of them, breached their duty to protect MacLean from injury consistent with standard correctional practice in violation of Ohio law. They acted negligently, recklessly, wantonly and with deliberate indifference to the danger to MacLean's life, health, safety and well-being, in violation of applicable standards of care.

70. The County is vicariously liable for the damages proximately caused by the negligence and deliberate indifference of its employees acting within the course and scope of their employment.

## FIFTH CLAIM FOR RELIEF
(Loss of Consortium)

71. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs One (1) through Seventy (70), inclusive, above as if the same were fully rewritten herein.

72. Plaintiff, Dawn E. MacLean-Patterson, was MacLean's mother and Plaintiff, Richard D. MacLean, was MacLean's father.

73. As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs were caused to suffer, and will continue to suffer in the future, the loss of consortium and the loss of society, affection, assistance and parental fellowship of and with MacLean.

WHEREFORE, Plaintiffs, Dawn E. MacLean-Patterson and Richard D. MacLean, co-Administrators and Personal Representatives of the Estate of Richard David MacLean II, Deceased, on behalf of themselves and the other beneficiaries and next of kin of the Estate, hereby demand judgment against Defendants, Erie County, Ohio, Erie County Board of Commissioners, Paul A.

Sigsworth, Jared L. Oliver, Lt. Thomas Casey Proy, Dennis Wolfe, Eric Reiber, Christopher Lawson, John T. Nolder, Brittany Hausman, John Does I-V, Firelands Regional Health System, Firelands Regional Medical Center, Katharina A. Boyer, and John Does VI-X, and each of them, jointly and severally, for compensatory damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) as proven at trial with respect to each claim for relief, for punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) except against Erie County, Ohio, and for the costs of this action, including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

/s/ *Eric H. Zagrans*
Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
5077 Waterford Drive, Suite 302
Elyria, Ohio 44035
(216) 771-1000 (telephone)
eric@zagrans.com (e-mail)

Thomas D. Robenalt (0055960)
John P. Colan (0081778)
THE ROBENALT LAW FIRM, INC.
23550 Center Ridge Road, Suite 103
Westlake, OH 44145
(216) 223-7535 (telephone)
(216) 860-4390 (facsimile)
trobenalt@robenaltlaw.com (e-mail)
jcolan@robenaltlaw.com (e-mail)

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

/s/ *Eric H. Zagrans*
Eric H. Zagrans